IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| Jenilee Melendez, | ) | CIVIL ACTION NO._____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TLC Dental-Coral Springs, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under the Pregnancy Discrimination Act, as amended, and Title VII of the Civil Rights Act, as amended, to correct unlawful pregnancy-based employment practices and to provide relief to Plaintiff Jenilee Melendez who was adversely affected by such practices. As alleged with greater specificity below, the employer Defendant, TLC Dental-Coral Springs, LLC, subjected its employee, Plaintiff Jenilee Melendez, to unlawful pregnancy discrimination.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action is authorized and instituted pursuant to Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act, as amended, 42 U.S.C. §2000e-2. The Court has supplemental jurisdiction over the claims arising under the Florida Civil Rights Act.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida. Therefore, in accordance with 28 U.S.C. §1391, venue is appropriate in this Court.

## PARTIES

3. During all times material, Plaintiff, Jenilee Melendez ("Plaintiff" or "Melendez"), was an employee of Defendant TLC Dental-Coral Springs, LLC ("TLC Dental" or "Defendant"), resided in Broward County, Florida and the cause of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4. During all times material, Defendant TLC Dental, provided dental services in Broward County, Florida and employed Melendez.

5. At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 15 employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. §2000e(b).

## CONDITIONS PRECEDENT

7. Melendez has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Melendez timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Pursuant to a work sharing agreement, the Charge was dual filed with the Florida Commission on Human Relations ("FCHR").

8. The EEOC sent Plaintiff a Notice of Right to Sue on or about July 2, 2020. Melendez timely commenced this action. As to the claims arising under the Florida Civil Rights Act, more than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding.

## STATEMENT OF FACTS

9. Melendez began employment with Defendant on or about January 2016.

10. Melendez was hired as an office manager in the Defendant's Coral Springs, Florida location.

11. On or about August 2018, Melendez informed her direct supervisor that she was pregnant.

12. The following day, Defendant's chief operating officer, Sasha M. Tapie, interrogated Melendez about her pregnancy.

13. For example, Mr. Tapie repeatedly questioned Melendez as to whether her pregnancy would allow her to continue working in her position as office manager and he emphasized his belief that Melendez's pregnancy precluded her from her job.

14. Each time Melendez immediately informed Mr. Tapie that she intended to continue in her role as office manager until the commencement of her maternity leave in March 2019.

15. At all material times Melendez continued to perform as office manager at or above the level required of her by Defendant.

16. Following her initial conversation with Mr. Tapie regarding her pregnancy, Defendant's director of operations, Myriam Sanders, also began questioning Melendez about her pregnancy.

17. Several times a week, Mr. Tapie and Ms. Sanders would question Melendez about whether she wanted to continue being an office manager and encouraged Melendez to quit or demote herself.

18. Melendez repeatedly refused to quit or demote herself.

19. In December 2018, Mr. Tapie demoted Melendez to the position of front desk receptionist based on her being pregnant.

20. In fact, during a December 2018 work meeting, Mr. Tapie informed Melendez and other employees that the reason Melendez was being demoted was due to her pregnancy.

21. As a result of her demotion, Melendez received less work hours and less paid-time-off hours.

22. During all times material, Defendant's employees, including Mr. Sasha Tapie and Ms. Myriam Sanders, acted within the scope of their employment with Defendant.

## COUNT I
## PREGNANCY DISCRIMINATION IN VIOLATION OF THE PDA

23. The allegations set forth in Paragraphs 1 through 22 are re-alleged as if fully set forth herein.

24. Plaintiff was the victim of discrimination on the basis of being pregnant in violation of The Pregnancy Discrimination Act, as amended.

25. Defendant has discriminated against Melendez on the basis of her being pregnant which resulted in Melendez being demoted from the position of office manager.

26. Melendez was qualified for her position as office manager.

27. The wrongful demotion was an adverse employment action.

28. The reasons proffered by Defendant for Melendez's demotion are pretextual and are being used as a cover up for Defendant's unlawful pregnancy discrimination against Melendez.

29. Similarly situated employees who were not in Melendez's protected class of pregnant, were treated more favorably in that they were not demoted or pushed to resign.

30. As a result of the Defendant's unlawful pregnancy discrimination, Melendez suffered economic losses, including the loss of income and fringe benefits she had received while employed by the Defendant.

31. As a result of the Defendant's unlawful pregnancy discrimination, Melendez suffered other intangible injuries, including mental and emotional anguish and distress, embarrassment, humiliation, loss of dignity and enjoyment of life, and inconvenience.

32. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff requests and is entitled to all such legal and equitable remedies available under the law.

33. During all times material, Defendant's employees, including Mr. Sasha Tapie and Ms. Myriam Sanders, acted within the scope of their employment with Defendant.

34. Melendez has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Melendez timely filed a Charge of Discrimination with the EEOC. Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

35. The EEOC provided Melendez with a Right to Sue letter on July 2, 2020. Melendez timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT II
## PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA

36. The allegations set forth in Paragraphs 1 through 22 are re-alleged as if fully set forth herein.

37. Plaintiff was the victim of discrimination on the basis of being pregnant in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10.

38. Defendant has discriminated against Melendez on the basis of her being pregnant which resulted in Melendez being demoted from the position of office manager.

39. Melendez was qualified for her position as office manager.

40. The wrongful demotion was an adverse employment action.

41. The reasons proffered by Defendant for Melendez's demotion are pretextual and are being used as a cover up for Defendant's unlawful pregnancy discrimination against Melendez.

42. Similarly situated employees who were not in Melendez's protected class of pregnant, were treated more favorably in that they were not demoted or pushed to resign.

43. As a result of the Defendant's unlawful pregnancy discrimination, Melendez suffered economic losses, including the loss of income and fringe benefits she had received while employed by the Defendant.

44. As a result of the Defendant's unlawful pregnancy discrimination, Melendez suffered other intangible injuries, including mental and emotional anguish and distress, embarrassment, humiliation, loss of dignity and enjoyment of life, and inconvenience.

45. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff requests and is entitled to all such legal and equitable remedies available under the law.

46. During all times material, Defendant's employees, including Mr. Sasha Tapie and Ms. Myriam Sanders, acted within the scope of their employment with Defendant.

47. Melendez has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Melendez timely filed a Charge of Discrimination with the EEOC. Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

48. The EEOC provided Melendez with a Right to Sue letter on July 2, 2020. Melendez timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## JURY TRIAL DEMAND

Plaintiff Melendez demands a trial by jury on all issues so triable.

Date: Monday, September 28, 2020

Respectfully submitted,

*/s Nnamdi Jackson*
Nnamdi S. Jackson
Fla. Bar No. 99804
The Law Office of Nnamdi S. Jackson, P.A.
2645 Executive Park Drive, suite 340
Weston, FL 33331
(954) 670-1267
njackson@nsjlawoffice.com

*/s Eric Hernandez*
Eric Hernandez
Fla. Bar No. 340730
Hernandez Lee Martinez, LLC
P.O. Box 531029
Miami, FL 33153
(305) 842-2100
eric@hlmlegal.com